Electronically Filed: 6/12/2026 12:12 PM

STATE OF MAINE
YORK COUNTY, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. ________

YRKSC-CIV-2026-00108

| | | |
|---|---|---|
| **DR. DASHIELL JORDAN,**<br><br>Plaintiff,<br><br>v.<br><br>**MAINE BOARD OF LICENSURE IN MEDICINE,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT** |

NOW COMES Plaintiff Dashiell Jordan, M.D. ("Dr. Jordan"), by and through undersigned counsel, and for his Complaint against Defendant Maine Board of Licensure in Medicine (the "Board"), states as follows:

## Introduction

1. This is a civil action seeking a Declaratory Judgment pursuant to 14 M.R.S. §§ 5951-5963 to void *ab initio* a Consent Agreement executed on June 11, 2024. The Agreement was the product of unconstitutional deprivations of due process, fraud, arbitrary administrative coercion, and severe, undisclosed, and statutorily prohibited conflicts of interest involving a voting Board member.

## The Parties and Jurisdiction

2. Dr. Jordan is and was, at all times relevant herein, a resident of the City of Biddeford, York County, Maine.

3. Defendant Board is and was, at all times relevant herein, an administrative board organized under the laws of the State of Maine, with its offices located at 161 Capitol Street, Augusta, ME 04333.

4. Jurisdiction is satisfied in this action pursuant to Maine Rule of Civil Procedure 80C; 14 M.R.S. §§ 5951-5963 (Declaratory Judgment Act) and 4 M.R.S. § 105(3)(A) (Superior Court Jurisdiction).

5. Venue is appropriate in the Superior Court of the State of Maine for York County because Plaintiff resides there. *See* 14 M.R.S. § 503; 5 M.R.S. § 11002.

6. The Rule 80C appeal (Count II) is timely because the Board has not acted on, or has refused to act on, Dr. Jordan's request for dismissal or vacatur, and this petition to the Superior Court is filed within six months of the expiration of the time within which Board action should reasonably have occurred. See 5 M.R.S. § 11002(3).

7. Dr. Jordan filed his request to dismiss with prejudice or vacate the Consent Agreement on December 28, 2025.

8. The request sought specific relief from the Board and was filed with the attorney for the Board.

9. The Board failed to act on, or even consider, that request within sixty days of receipt.

10. Dr. Jordan has filed this Complaint within six months of the Board's failure to act within a reasonable time of receiving Dr. Jordan's request for dismissal or vacatur.

11. As the individual whose license was the subject of the Consent Agreement and the petition at issue, Dr. Jordan has standing to bring this Rule 80C appeal.

**FACTUAL BACKGROUND**

12. In 2023, the Board initiated three complaints (CR 23-89, CR 23-115, and CR 23-166) against Dr. Jordan.

13. Complaint CR 23-166 specifically relied upon allegations generated by, and/or

information supplied by Dr. Jordan's former employer, Covenant Health (via its affiliate, St. Mary's).

14. At times relevant to the matters herein, Board member Dr. Noah Nesin served as medical director, medical officer, senior medical advisor, and similar roles, for the Community Care Partnership of Maine, LLC (CCPM), operator of the "Controlled Substance Stewardship" (CSS) program.

15. At times relevant to the matters herein, Dr. Noah Nesin's daughter, Sandy Nesin, Esq., served as the Chief Executive Officer (CEO) of CCPM.

16. Covenant Health, the source of allegations and information used by the Board against Dr. Jordan, is a foundational corporate partner of CCPM.

17. Furthermore, Sandy Nesin concurrently served as the Vice President of Operations at St. Joseph Healthcare, a direct Covenant Health entity.

**Procedural Violations**

18. On June 13, 2023, the Board voted unanimously to formally issue complaint CR 23-115.

19. Official Board minutes confirm Dr. Noah Nesin participated in this vote.

20. On March 11, 2024, Dr. Noah Nesin specifically moved to require Dr. Jordan to enroll in his and his daughter's CCPM/CSS program and voted to ratify this mandate.

21. On June 11, 2024, the Board formally executed the Consent Agreement, with Dr. Nesin participating in the dispositive vote without recusal.

22. At no time, from the initiation of the complaint to the execution of the Consent Agreement, did Dr. Nesin disclose his pecuniary interest in, or familial connections to, the CCPM/CSS program.

23. At no time, from the initiation of the complaint to the execution of the Consent Agreement, did Dr. Nesin recuse himself based on his connection to the CCPM/CSS program.

24. On September 9, 2024, Dr. Nesin recused himself from a routine monitoring matter regarding Dr. Jordan, constituting a retrospective admission that his June participation was improper.

**The Pretextual Nature of the Clinical Allegations**

25. Covenant Health oversaw, authorized, and celebrated Dr. Jordan's prescribing practices in the six-year period prior to these complaints, never once identifying clinical insufficiency.

26. The Board's clinical sanctions were based entirely on allegations and information provided by Covenant Health.

27. The Board failed to sanction Covenant Health for any of the alleged clinical infractions, despite Covenant Health's legal and professional responsibility for the quality and integrity of Dr. Jordan's work.

28. Nonetheless, the Board sanctioned Dr. Jordan, and his sanctions were crafted and orchestrated by Dr. Nesin under the mantle of Board proceedings.

29. The Board's mishandling of actions by Covenant unlawfully forced Dr. Jordan into the CCPM enterprise for the pecuniary benefit of the Nesins.

30. Under Title 5 M.R.S. § 18-A(1)(B), an executive employee is strictly prohibited from having a direct or indirect pecuniary interest in a contract made on behalf of the State.

31. As a member of the Board of Licensure in Medicine, Dr. Nesin is an executive employee under 5 M.R.S. § 18-A.

32. Subsection 3 states: "Any contract made in violation of this section is void."

33. CCPM has been awarded more than $2 million in state contracts since 2019, creating the direct pecuniary nexus between Board mandates and the Nesin family.

34. Following an investigation into those complaints, on March 11, 2024, the Board, upon Dr. Noah Nesin's motion, voted in favor of offering Dr. Jordan a Consent Agreement. A copy of the Consent Agreement is attached as Exhibit A.

35. The Board offered Dr. Jordan the option to enter into the Consent Agreement or proceed to a hearing before the Board.

36. Seeking to avoid a hearing before the Board, Dr. Jordan signed the Consent Agreement.

**Procedural Developments**

37. The Consent Agreement was executed on June 11, 2024.

38. In December 2025, Dr. Jordan, through counsel, requested that the Board dismiss and/or vacate the Consent Agreement with prejudice and acknowledge that he had completed all requirements.

39. On December 31, 2025, counsel for the Board acknowledged receipt of Dr. Jordan's request through counsel.

40. As of the date of the filing of this Complaint, the Board has not acted on, or has unreasonably refused to act on, Dr. Jordan's request.[1]

[1] Counsel for the Board has indicated that the request was not shared with the Board. As the legal representative of the Board in a matter that is the subject of pending and contemplated litigation, communications must go through attorneys; it was reasonable to expect that material allegations presented to the Board's attorney would be shared with the Board. The decision of whether or not to do so is outside of Plaintiff's control.

**COUNT I**
**Declaratory Judgment**

41. Plaintiff re-asserts and re-alleges the foregoing paragraphs fully and incorporates them herein by reference.

42. Dr. Nesin's effort to impose a disciplinary requirement within the Consent Agreement that would require Dr. Jordan to participate in and pay fees to the CCPM/CSS program, for which Dr. Nesin was the Medical Director and for which his daughter was the Chief Operating Officer, created a conflict of interest.

43. Dr. Nesin should have disclosed this conflict of interest and recused himself from participating in the proceedings that resulted in the Consent Agreement.

44. Had Plaintiff been aware of this conflict, he would not have signed the Consent Agreement.

45. Dr. Nesin's failure to disclose and recuse himself as a result of this conflict of interest was arbitrary and capricious and a violation of 5 M.R.S. § 18.

46. Dr. Nesin's failure to disclose and recuse himself, as a result of this conflict of interest, casts a cloud upon the legality of the CCPM/CSS requirement and renders the Consent Agreement void *ab initio*.

47. Dr. Noah Nesin's actions violated 5 M.R.S. § 18-A because he utilized his authority as a state adjudicator to mandate Dr. Jordan to contract with an enterprise from which he and his family derived pecuniary benefit.

48. The Board's complicity in permitting this conflict deprived Dr. Jordan of his rights to an impartial tribunal under the Due Process Clauses of the U.S. and Maine Constitutions.

49. Crucial elements of the above circumstances were not and could not have been

known to Dr. Jordan when he signed the Consent Agreement, for reasons including their non-disclosure in Board proceedings and in the instrument.

50. Pursuant to 5 M.R.S. § 18-A(3), the June 11, 2024 Consent Agreement is void *ab initio*.

51. Plaintiff, Dr. Jordan, seeks a declaration that the entire Consent Agreement should be vacated as a result of the violation 5 M.R.S. § 18-A(3), legal requirements of impartial Board proceedings, and violations of Dr. Jordan's constitutional rights.

**COUNT II**
**Rule 80C Appeal**

52. Plaintiff re-asserts and re-alleges the foregoing paragraphs fully and incorporates them herein by reference.

53. The Board's failure to act on, or even consider, Dr. Jordan's request for dismissal with prejudice or vacatur of the 2024 Consent Agreement constitutes an abuse of discretion and legal error.

54. As described in detail above, the Board's issuance of the Consent Agreement was unlawful, arbitrary, and capricious.

55. As described in detail above, the Board's issuance of the Consent Agreement violated Dr. Jordan's due process rights.

56. Because the Board's issuance of the Consent Agreement was unlawful, arbitrary, and capricious, the Board's failure to act on, or even consider, Dr. Jordan's request for dismissal or vacatur is an abuse of discretion and contrary to law.

57. Plaintiff reserves all arguments regarding the propriety of the Board's decision, including development and articulation of those arguments in the Rule 80C brief on the merits.

58. Plaintiff respectfully requests that the Court grant this appeal.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a Declaratory Judgment that the June 11, 2024 Consent Agreement is void *ab initio*;

B. Grant this 80C appeal;

C. Enjoin the Defendant Board from enforcing any provisions of the voided Agreement;

D. Enter a permanent injunction prohibiting the Defendant Board from reopening, remanding, or re-prosecuting administrative complaints CR 23-89, CR 23-115, and CR 23-166, as the investigative foundation of these complaints was incurably tainted by statutory conflicts of interest;

E. Award Plaintiff his costs and reasonable attorney's fees; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: June 12, 2026

Respectfully Submitted

*/s/ Keith Richard*
Keith Richard, Esq.
Maine Bar No. 5556

ARCHIPELAGO
1 Dana Street, 4th Floor
Portland, Maine 04101
(207) 558-0102
krichard@archipelagona.com